Jean M. **BLUE, Plaintiff–Appellant,**

v.

**Elvin E. BOSS; the Department of Public Safety, Division of the Colorado State Patrol of the State of Colorado; and the State of Colorado, Defendants–Appellees.**

**No. 88CA0393.**

Colorado Court of Appeals,
Div. IV.

May 25, 1989.

Rehearing Denied June 22, 1989.

Certiorari Denied Oct. 23, 1989.

Dickinson, Everstine, Kelly & Prud'Homme, Richard L. Everstine, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry D. Tannenbaum, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge FISCHBACH.

After an automobile accident that involved a vehicle driven by defendant Elvin E. Boss, an employee of the State of Colorado, plaintiff, Jean M. Blue, sent, by regular mail, a notice of claim to the attorney general pursuant to the Governmental Immunity Act, § 24–10–109, C.R.S. (1988 Repl.Vol. 10A). On the ground that the notice had not been sent by registered mail, the trial court entered summary judgment in favor of Boss and dismissed plaintiff's complaint. The single issue raised in plaintiff's appeal is the trial court's determination that failure to mail the notice of claim by registered mail bars plaintiff's action. We reverse.

The pertinent facts are not in dispute. The accident between plaintiff and defendant occurred in mid-July 1986, and on August 27, 1986, plaintiff sent a notice of claim by regular mail to the attorney general, on the form provided by the State's claim service. The notice was received on September 2, 1986. After investigation, the claim was denied. Plaintiff filed this action, and for the first time, defendant raised the allegation of defective notice as an affirmative defense.

■ Although it found that plaintiff's notice of claim was timely filed, the trial court granted defendant's motion for summary judgment, reasoning that the 1986 amendment to the Act mandated compliance with the notice requirement as a jurisdictional prerequisite to suit, and that plaintiff, by mailing his notice by regular mail, failed to comply with the statute. Plaintiff contends, however, that it is the timely filing of a proper notice of claim that is the prerequisite to suit, not the specific method of filing, and that the trial court therefore erred in its dismissal of the complaint. We agree.

■ Prior to its amendment in 1986, the Act required that the notice of claim be "presented" to the attorney general. Colo. Sess.Laws 1971, ch. 323, § 130–11–9 at 1207. In the revision of the notice provisions of the statute, the manner of service of the notice was changed. Section 24–10–109(3), C.R.S. (1988 Repl.Vol. 10A) now provides that the notice shall be "filed" in accordance with § 24–10–109(1), C.R.S. (1988 Repl.Vol. 10A) and be "effective upon mailing by registered mail or upon personal service."

Section 24–10–109(1), C.R.S. (1988 Repl. Vol. 10A) provides, in pertinent part, that "any person claiming to have suffered an injury ... shall file a written notice as provided in this section within one hundred eighty days ... and it further states:

"Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action...." Defendant argues that, inasmuch as the comparable section of the predecessor statute stated: *"Substantial* compliance shall be a *condition precedent* to any action ..." (emphasis added), the notice requirement must be strictly construed. We agree with defendant that the General Assembly intended, by the wording changes in the sentence at issue, to eliminate the possibility of excused delay in filing written notice and to make the notice requirement . mandatory. *McMahon v. Denver Water Board,* 780 P.2d 28 (Colo. App. No. 88CA0244, April 20, 1989); *see Gardner v. City & County of Denver,* 671 F.Supp. 713 (D.Colo.1987). However, we do not read the changes in § 24–10–109(3) as an intent by the General Assembly to elevate a technical filing requirement into a jurisdictional prerequisite to suit.

On the contrary, a plain reading of § 24–10–109(3) necessitates the conclusion that the purpose of mailing by registered mail is to fix an effective date for the calculation of the 180 days for the filing of the notice. We do not interpret this language as a requirement that the notice be "filed" by registered mail. We agree with plaintiff that "the legislature did not intend that the written notice actually received by and filed with the governmental entity be insufficient because the messenger carrying the document for filing was ordinary rather than silver-winged."

Nor are we persuaded by defendant's argument that the legislative history of the amendments to the notice requirement supports a contrary conclusion. A review of the transcripts of debate on the bill, appended to defendant's answer brief, indicates that failure to mail by registered mail was not intended to be a bar to suit.

By way of example, we note that the amendment to § 24–10–109(3) was introduced as "technical," and that the bill as originally introduced had provided that notice should be effective "upon receipt." The debate which ensued focused on providing proof of notice so that the parties could discern whether or not notice was in fact filed. *See* Hearings on H.B. 1196 before the House Committee on State Affairs, Fifty-fifth General Assembly, Second Session, February 6, 1986 (statement of Representative Berry). The purpose of the registered mail requirement is "to ensure that there is documentation that service had occurred. With registered mail, you've got proof that you put it in the mailbox. If the Postal Service messes you up at that point, that shouldn't be the problem of the claimant." *See* Hearings on H.B. 1196, *supra* (statement of Representative Skaggs).

Here, the parties agree that notice was timely filed. The fact that it was not sent by registered mail, therefore, is irrelevant, and the trial court erred in dismissing the complaint.

The judgment is reversed and the cause is remanded for reinstatement of plaintiff's complaint.

PLANK and DUBOFSKY, JJ., concur.