The AETNA CASUALTY & SURETY CO., Plaintiff–Appellant,

v.

DENVER SCHOOL DISTRICT NO. 1, Defendant–Appellee.

No. 88CA1578.

Colorado Court of Appeals, Div. IV.

Dec. 21, 1989.

As Modified on Denial of Rehearing Jan. 18, 1990.

Tilly & Graves, P.C. (on the briefs), W. Dan Mahoney, and Laurin D. Quiat, P.C., W. Daniel Mahoney, Denver, for plaintiff-appellant.

Watson, Nathan & Bremer, P.C., Ellis J. Mayer, Denver, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiff, Aetna Casualty and Surety Co., appeals from the district court's dismissal of the subrogation claim that it asserted against the defendant, Denver School District No. 1. The question presented is whether plaintiff properly complied with the notice provisions of § 24–10–109, C.R.S. (1988 Repl.Vol. 10A) by addressing the notice to "Denver Public Schools ... Attention: ... Risk Manager," pursuant to the oral advice of an unidentified school district employee. We conclude that such notice was not proven to be proper and affirm the trial court's judgment.

The pertinent statute requires notice to be given of a claim for personal injuries against a Colorado governmental entity. It requires that:

"the notice shall be filed with *the governing body* of the public entity or the attorney representing the public entity." Section 24–10–109(3), C.R.S. (1988 Repl.Vol. 10A) (emphasis supplied).

It also provides that compliance with these provisions:

"shall be a *jurisdictional prerequisite* to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action." Section 24–10–109(1), C.R.S. (1988 Repl.Vol. 10A) (emphasis supplied).

The amendment adding the latter language, Colo.Sess.Laws 1986, ch. 166, § 24–10–109 at 877–878, was intended to remove from the statute the ambiguity found to exist previously, *see Nowakowski v. District Court*, 664 P.2d 709 (Colo.1983), and to require strict compliance with its provisions respecting timely filing as a "jurisdictional prerequisite" to suit. *See McMahon v. Denver Water Board*, 780 P.2d 28 (Colo.App.1989).

This provision relates to subject matter, not personal, jurisdiction. *See Lurch v. United States*, 719 F.2d 333 (10th Cir.1983) (involving filing requirements under Federal Tort Claims Act). Thus, the doctrines of waiver and estoppel cannot be applied to validate a notice that does not comply with the statute. *Gardner v. City & County of Denver*, 671 F.Supp. 713 (D.Colo.1987).

The notice sent by plaintiff was specifically directed to an individual filling a position known as "Risk Manager." Thereafter, an adjuster for the school district's liability insurance carrier contacted plaintiff's claims representative and advised her that plaintiff's claim was under consideration. However, it is undisputed that the Risk Manager did not forward the notice either to the members of the school board or to its counsel. And, nothing which the unidentified employee or the adjuster did could estop the defendant from contesting the effectiveness of this notice. *Gardner v. Denver, supra.*

The issue presented here, therefore, is substantially different from the issue decided in *Blue v. Boss*, 781 P.2d 128 (Colo. App.1989). There, it was held that the statute does not require that the notice be "filed" only by "registered mail," so long as the proper parties receive the notice in a timely manner. Here, in contrast, the statute clearly mandates that the notice be filed either with the entity's governing body or with its attorney. And, this specific requirement was made a "jurisdictional prerequisite" to suit.

We assume, arguendo, that the statute does not prohibit the governing body of a public entity from appointing one or more agents to receive the statutory notice on its behalf. Nevertheless, if plaintiff intended to rely upon the assertion that the Risk Manager was an agent for defendant's governing body for this purpose, it had the burden of establishing the existence of such an agency relationship. *See Harvel v. District Court*, 166 Colo. 520, 444 P.2d 629 (1968) (when challenged, plaintiff has burden of establishing all facts essential to jurisdiction).

Yet, plaintiff offered no evidence that the Risk Manager was the school board's agent to receive the notice called for by the statute. Thus, plaintiff failed to meet its burden of demonstrating that the trial court had jurisdiction over the subject matter of its claim.

Judgment affirmed.

HUME and NEY, JJ., concur.