**Louise LAFITTE, Surviving Spouse of Patrick Carter, Decedent, Plaintiff–Appellant,**

v.

**STATE HIGHWAY DEPARTMENT OF the STATE OF COLORADO, Defendant–Appellee.**

No. 93CA1725.

Colorado Court of Appeals, Div. III.

Oct. 6, 1994.

 

D. Shackelford Shipp, Aspen, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas C. Sullivan, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge JONES.

In this action to recover damages for wrongful death and loss of consortium, plaintiff, Louise Lafitte, surviving spouse of Patrick Carter, decedent, appeals from the summary judgment in favor of defendant, the State Highway Department. We affirm in part, reverse in part, and remand for further proceedings.

Decedent was killed in a motorcycle accident on a state highway on August 30, 1989. Although the record does not contain a copy of the complaint, plaintiff's notice of claim dated February 20, 1990, alleged that the motorcycle overturned as the result of a dangerous condition of a public highway which physically interfered with the movement of traffic on the paved portion of the road. It further alleged that defendant had permitted the existence of a sink hole or depression in the pavement that had not been properly filled during routine highway maintenance at that location.

Defendant filed a motion for summary judgment on three grounds related to the Colorado Governmental Immunity Act. First, defendant asserted that plaintiff had failed to comply with the Act's jurisdictional notice requirement within 180 days of the accident. Second, it asserted that sovereign immunity had not been waived for a public entity's failure to post warning signs. Finally, it urged that plaintiff's injuries were not caused by a dangerous condition of a public highway.

Plaintiff filed a response opposing the motion, with supporting exhibits, and defendant filed a reply. After considering these submissions, the trial court granted defendant's motion. In so ruling, the court stated only that its judgment was based upon all three grounds stated in the motion.

## I.

On appeal, plaintiff contends that the trial court erred in concluding that she had failed to comply with the jurisdictional notice requirements of § 24–10–109, C.R.S. (1988 Repl.Vol. 10A). Under the unique circumstances presented here, we agree and, therefore, reverse this portion of the judgment.

As pertinent here, § 24–10–109(1), C.R.S. (1988 Repl.Vol. 10A) requires any person claiming to have suffered injury by a public entity to file a written notice within 180 days after the date of the discovery of the injury. Further, § 24–10–109(3), C.R.S. (1988 Repl. Vol. 10A) provides that such notice "shall be effective upon mailing by registered mail or upon personal service."

The supreme court has held that the notice requirements of § 24–10–109 are designed to permit a public entity to conduct a prompt investigation of the claim and thereby remedy a dangerous condition, to make adequate fiscal arrangements to meet any potential liability, and to prepare a defense to the claim. *Woodsmall v. Regional Transportation District*, 800 P.2d 63 (Colo.1990). The *Woodsmall* court also declared that the notice provisions serve another public purpose, namely, to permit injured claimants to seek redress for injuries caused by a public entity.

In construing § 24–10–109, the supreme court has held that the mandatory notice is effective upon mailing. *See Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo.1993). Further, this court has held that first-class mail is sufficient and that the notice need not be sent by registered or certified mail. *See Blue v. Boss*, 781 P.2d 128 (Colo.App.1989); *see also Woodsmall v. Regional Transportation District, supra.*

In addition, the supreme court has declared that the 1986 amendments to § 24–10–109 were intended to create a standard of "substantial" (meaning more than minimal but less than absolute) compliance with the notice requirements, saying:

We must be mindful of the consequences of a construction that would impose a standard of absolute compliance on a claimant who has been injured by a public entity. A rule of absolute compliance would require the dismissal of a claim when a claimant, within 180 days after the discovery of an injury, makes a good faith effort to satisfy the notice requirements but inadvertently omits a minor detail, or makes an error with respect to such detail, notwithstanding the fact that such omission or error cannot prejudice the public entity in the least.... Nothing in the legislative comments on the 1986 amendment suggests that the General Assembly intended such a formalistic construction of the notice requirement.

*Woodsmall v. Regional Transportation District, supra,* 800 P.2d at 68.

Finally, the *Woodsmall* court stated that, in determining whether a claimant has substantially complied with the notice requirement, a court may consider whether and to what extent the public entity has been adversely affected in its ability to defend against the claim by reason of any omission or error in the notice.

Here, the undisputed facts are as follows. Decedent's body was discovered at the side of the highway on August 31, 1989. Plaintiff's notice of claim, properly addressed to the Attorney General, was mailed and postmarked on February 21, 1990, less than 180 days after plaintiff discovered her husband's death. However, although the envelope was prepared for "certified mail," less than the appropriate amount of postage was affixed to the envelope. Consequently, on March 9, 1990, the post office returned the envelope to plaintiff's counsel with the notation that the addressee had refused to pay the additional postage due. Plaintiff's counsel re-sent the notice by certified mail, and it was officially accepted by the Attorney General on March 22, 1990.

It was also undisputed that another motorcycle accident had occurred on the same state highway at the same location two days before decedent was fatally injured and that defendant had resurfaced the section of pavement on the same day decedent's body was discovered.

Under these circumstances, we conclude that the delay in receipt of the notice due to

the lack of additional postage did not prejudice defendant in its ability to conduct a prompt investigation, remedy a dangerous condition, or defend against the claim.

Accordingly, inasmuch as plaintiff's counsel mailed the notice within 180 days after plaintiff discovered her injury, we conclude that plaintiff substantially complied with the notice requirements of §§ 24–10–109(1) & 24–10–109(3) and that the trial court erred in ruling that the delay caused by plaintiff's failure to affix proper postage resulted in a lack of subject matter jurisdiction.

## II.

■ Plaintiff also contends that the trial court erred in concluding that sovereign immunity had not been waived for a public entity's failure to post adequate warning signs. We perceive no error.

Defendant has correctly argued here, and in the trial court, that the Governmental Immunity Act bars claims for inadequate road design and the lack of adequate traffic warning signs. *See* §§ 24–10–103(1) & 24–10–106(1)(d), C.R.S. (1988 Repl.Vol. 10A); *see also Willer v. City of Thornton,* 817 P.2d 514 (Colo.1991); *Szymanski v. Department of Highways,* 776 P.2d 1124 (Colo.App.1989).

Accordingly, the trial court did not err in concluding that defendant was immune and entitled to judgment on plaintiff's claim for injuries resulting from inadequate roadway design or lack of traffic warning signs, and we affirm that portion of the judgment.

## III.

■ Plaintiff's final contention is that the trial court erred in dismissing her claim for injuries resulting from a dangerous condition of a state highway which physically interfered with the movement of traffic on the paved portion of the road. She argues that genuine issues of material fact precluded summary judgment on this issue. We agree in part.

Pursuant to the applicable version of the Colorado Governmental Immunity Act when plaintiff's claims arose, sovereign immunity was waived by a public entity in an action for injuries resulting from:

> a dangerous condition of a public highway, road, or street which physically interferes with the movement of traffic on the paved portion ... of any highway which is a part of the state highway system on that portion of such highway ... which was designed and intended for public travel or parking thereon.

Section 24–10–106(1)(d), C.R.S. (1988 Repl. Vol. 10A).

Further, as pertinent here, a "dangerous condition" is defined as:

> a physical condition of a facility or the use thereof which constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility.... [A] dangerous condition should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered.

Section 24–10–103(1), C.R.S. (1988 Repl.Vol. 10A).

■ The supreme court has declared that sovereign immunity issues, being questions concerning subject matter jurisdiction, are to be determined in accordance with C.R.C.P. 12(b)(1) rather than the summary judgment standards of C.R.C.P. 56. *See Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra; see also Cline v. Rabson,* 862 P.2d 1035 (Colo.App.1993). Accordingly, the determining factor in resolving immunity issues on appeal is not whether a genuine issue of material fact precluded summary judgment but whether all the relevant evidence was presented to the trial court and, if so, whether the court's factual determinations were clearly erroneous. *See Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra* (an evidentiary hearing may be necessary to resolve factual issues concerning sovereign immunity).

Here, contrary to the *Trinity* holding, the "dangerous condition" issue was determined

according to the summary judgment procedures of C.R.C.P. 56. Clearly, there was a disputed factual issue as to whether plaintiff's injuries resulted from a dangerous condition of a public highway within the meaning of § 24–10–106(1)(d). However, because the trial court made no separate findings to enable us to determine the basis for its decision, we cannot determine whether the parties presented, or the trial court considered, all the relevant evidence on this issue.

Therefore, a remand is necessary for reconsideration of plaintiff's claim for injuries resulting from a dangerous condition of the pavement surface allegedly caused by defendant's negligent maintenance of the highway. On remand, the trial court may hold an evidentiary hearing to resolve any disputed facts. *See Kittinger v. City of Colorado Springs,* 872 P.2d 1265 (Colo.App.1993).

The judgment is reversed with respect to the issue of timely notice and subject matter jurisdiction. The judgment is affirmed with respect to plaintiff's claims based upon inadequate highway design or lack of traffic warning signs. Finally, the judgment is reversed insofar as it dismissed plaintiff's claim for injuries arising from a "dangerous condition" of a state highway, and the cause is remanded for further proceedings on that issue consistent with the views expressed in this opinion.

PLANK and KAPELKE, JJ., concur.