**Jose LOPEZ, Plaintiff–Appellant,**

v.

**REGIONAL TRANSPORTATION DISTRICT, Defendant–Appellee.**

**No. 93CA1790.**

Colorado Court of Appeals, Division II.

Nov. 17, 1994.

Rehearing Denied Dec. 15, 1994.

Certiorari Granted July 24, 1995.

Glenn F. Younger, Denver, for plaintiff-appellant.

Rolf G. Asphaug, Denver, for defendant-appellee.

Opinion by Judge HUME.

In this action to recover damages for personal injuries, plaintiff, Jose Lopez, appeals from the judgment that dismissed with prejudice his complaint against defendant, Regional Transportation District (RTD). We affirm in part, reverse in part, and remand with directions.

The complaint alleged that on October 14, 1992, plaintiff slipped and fell on a slippery substance on the step of an RTD bus as he was attempting to exit. It further alleged that plaintiff injured his head, neck, back, and leg as the result of RTD's negligence and that timely notices of claim had been filed with RTD and its counsel. Attached to the complaint were copies of plaintiff's notices of claim dated April 12, 1993, and June 11, 1993.

The complaint stated two claims for relief. The first claim was for past and future medical expenses, loss of income, and pain and suffering resulting from RTD's negligence. The second claim was for compensatory, consequential, and punitive damages for RTD's alleged failure to pay personal injury protection (PIP) benefits in violation of the Colorado Auto Accident Reparations Act (No–Fault Act).

Pursuant to C.R.C.P. 12(b)(1), RTD filed a motion to dismiss the action for lack of subject matter jurisdiction. As grounds for the motion, it asserted that plaintiff had failed to file timely notice of the claim pursuant to § 24–10–109(1), C.R.S. (1994 Cum.Supp.) and that he had commenced his action prematurely in violation of § 24–10–109(6), C.R.S. (1988 Repl.Vol. 10A). It further argued that punitive damages claims against self-insured public entities were statutorily barred by both the Governmental Immunity Act and the No–Fault Act.

Attached to the brief was an affidavit from RTD's legal administrator stating that plaintiff's notice of claim, postmarked April 12, 1993, was received by RTD's legal department on April 19, 1993.

Plaintiff filed a response to the motion and a request for hearing. In response to defendant's motion, plaintiff's counsel asserted that the claim notice was timely because, in addition to the notice which was mailed on April 12, 1993, a copy was hand-delivered to RTD's office at approximately 4:58 p.m. on April 12, 1993. Plaintiff's counsel further argued that the lawsuit was not commenced prematurely in violation of § 24–10–109(6) because RTD's inconsistent responses to plaintiff's requests for payment constituted a denial of his claim. The response did not address RTD's argument that plaintiff's punitive damages claim was statutorily barred.

RTD's reply asserted that, by failing to submit probative evidence of his allegations along with the response, plaintiff had failed to meet his burden of proving jurisdiction. RTD further argued that, by failing to address the issue in his response, plaintiff had effectively admitted RTD's assertion that the punitive damages claim was statutorily barred.

The trial court granted RTD's motion, dismissed the action with prejudice, and declared its judgment to be final. In so ruling, the court did not specify its basis for dismissal.

Pursuant to C.R.C.P. 60(b)(5), plaintiff filed a motion to reconsider, with affidavits and other supporting exhibits, based upon "newly discovered evidence." RTD filed a responsive brief. The trial court denied plaintiff's motion without elaboration.

### I.

■ In this appeal, plaintiff contends that his claim for punitive damages based upon non-payment of benefits should not have been dismissed because such penalties are authorized under the No–Fault Act. However, RTD asserts that we should affirm the trial court's dismissal of this claim because plaintiff did not respond in the trial court to RTD's contentions that sovereign immunity bars punitive damages claims against public entities and that the No–Fault Act's penalties for delayed payment of PIP benefits do not apply to self-insurers. For several reasons, we perceive no error in the trial court's dismissal of the punitive damage claims.

First, the Governmental Immunity Act prohibits punitive damage awards against public entities. Section § 24–10–114(4), C.R.S. (1988 Repl.Vol. 10A); see City & County of Denver v. Desert Truck Sales, Inc., 837 P.2d 759 (Colo.1992). Second, bad-faith denials of no-fault benefits are not among the tortious injuries for which sovereign immunity has been expressly waived in § 24–10–106(1)(a), (b), (c), (e) or (f), C.R.S. (1988 Repl.Vol. 10A) or § 24–10–106(1)(d), C.R.S. (1994 Cum.Supp.). Finally, in the absence of specific language in the No–Fault Act expressing an intent to waive sovereign immunity for non-payment of benefits, no such waiver may be implied. See State Department of Highways v. Mountain States Telephone & Telegraph Co., 869 P.2d 1289 (Colo.1994) (a clear intent of the Governmental Immunity Act was to limit the circumstances in which public entities may be liable for tort damages); see also Shandy v. Lunceford, 886 P.2d 319 (Colo.App.1994).

Accordingly, the trial court did not err in that portion of the judgment which dismissed plaintiff's tort claim for punitive damages for wrongful denial of benefits under the No–Fault Act.

### II.

■ Plaintiff also contends that the trial court erred to the extent that it determined that notice of his negligence claim was untimely and, therefore, that the court lacked subject matter jurisdiction. In support of this contention, he argues that the documents filed with the trial court established that the April 12 notice had been timely mailed. In support of the judgment, however, RTD asserts that a notice sent by regular mail cannot be effective until it is received. We agree with plaintiff.

The supreme court has declared that the notice of claim required by § 24–10–109(1) is effective upon mailing. Trinity Broadcasting of Denver, Inc. v. City of Westminster, 848 P.2d 916 (Colo.1993). It has also held that, in addition to delivery by registered mail and personal service, the notice may be delivered by regular mail or other methods of service. Woodsmall v. Regional Transportation District, 800 P.2d 63 (Colo.1990); see also Blue v. Boss, 781 P.2d 128 (Colo.App.1989); § 24–10–109(3), C.R.S. (1988 Repl.Vol. 10A).

Accordingly, contrary to RTD's argument, we conclude that a properly-addressed notice of claim sent by regular mail within the 180–day time limit is effective upon mailing, even if it is not received by the public entity's governing body or its counsel until after the 180 days have expired. See Lafitte v. State Highway Department, 885 P.2d 338 (Colo.App.1994).

Here, it was undisputed that plaintiff's notice of claim was postmarked April 12, 1993. Hence, insofar as the trial court based its dismissal of the negligence claim on RTD's timeliness argument, that dismissal cannot stand.

### III.

■ Finally, because another issue is likely to arise again upon remand, we address RTD's argument that plaintiff's claims were "forever barred" because he filed his action prematurely in violation of § 24–10–109(6).

That section provides as follows:

No action brought pursuant to this article shall be commenced until after the claimant who has filed timely notice pursuant to subsection (1) of this section has received notice from the public entity that the public entity has denied the claim or until after ninety days has passed following the filing of the notice of claim required by this section, whichever occurs first.

RTD argues that the consequences for non-compliance with this subsection should be identical with those for failure to file a timely notice pursuant to § 24–10–109(1), C.R.S. (1994 Cum.Supp.). We disagree.

■ Generally, a dismissal for lack of jurisdiction is not an adjudication on the merits of any claims asserted in the action and, thus, cannot be utilized as a bar to any subsequent proceedings. *Market Engineering Corp. v. Monogram Software, Inc.*, 805 P.2d 1185 (Colo.App.1991).

In *Market Engineering*, a division of this court held that, since the dismissal was rooted in the trial court's determination that it lacked jurisdiction to entertain the merits of the action, the court was without authority to enter a judgment that prospectively precluded adjudication of the asserted claims. Accordingly, such a dismissal should have been without prejudice. *See* C.R.C.P. 41(b)(1); *see also In re Marriage of Hoffner*, 778 P.2d 702 (Colo.App.1989) (because this court's jurisdiction is limited to appeals taken from a final judgment, and the judgment was not final, the appeal was dismissed without prejudice).

Mindful that one of the public purposes served by § 24–10–109 is to permit injured claimants to seek redress for injuries caused by a public entity, we conclude that dismissal with prejudice is too harsh a sanction for premature filing of an action against a public entity in violation of § 24–10–109(6). *See Woodsmall v. Regional Transportation District, supra; Pistora v. Rendon*, 765 P.2d 1089 (Colo.App.1988).

Here, because unresolved factual issues remain with respect to whether plaintiff's negligence claim was prematurely filed, and because we cannot determine from the record whether the trial court considered all the relevant evidence on this issue, upon remand the trial court is directed to make a factual determination of this question. *See Kittinger v. City of Colorado Springs*, 872 P.2d 1265 (Colo.App.1993).

Because of our resolution of the foregoing issues, we consider it unnecessary to address the parties' other arguments.

The portion of the judgment dismissing plaintiff's second claim for relief is affirmed. The portion of the judgment dismissing plaintiff's negligence claim is reversed, and the cause is remanded to the trial court for reinstatement of the claim and further proceedings consistent with the views expressed in this opinion.

PLANK, J., concurs.

ROY, J., dissents.

Judge ROY dissenting.

I respectfully dissent.

As Judge Julius Bissell once observed,

The algebraic representation of the unknown quantity, 'x,' probably well expresses the value and usefulness of a dissenting opinion in judicial proceedings. The universality of the custom, coupled with the importance of the present inquiry, has led to the labor, and the possible incumbrance of the Reports with this opinion.

*Hockaday v. Board of County Commissioners*, 1 Colo.App. 362, 381, 29 P. 287, 293 (1892).

The majority has held that the notice required by § 24–10–109(3), C.R.S. (1988 Repl. Vol. 10A) is effective upon mailing by first class mail. Its conclusion is based on *Lafitte v. State Highway Department,* 885 P.2d 338 (Colo.App.1994) which is based, in my opinion, on a misreading of *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993). While the supreme court in *Trinity* stated that the notice was effective upon mailing, the notice in *Trinity* was, in fact, mailed by registered mail as specified in § 24–10–109(3).

In *Lafitte,* the notice was originally timely mailed with certified mail labels attached but insufficient postage was affixed. The State Highway Department refused to pay the postage due and the notice was not delivered. The notice was returned to the sender and was again dispatched, now untimely, with proper postage affixed. There was no dispute as to when the notice was originally mailed. The court relied, in part, on *Woodsmall v. Regional Transportation District,* 800 P.2d 63 (Colo.1990) which was, in my view, misplaced. In *Woodsmall,* the issues related to the contents of the notice, or the manner in which the information required by statute was provided, not the timeliness or method of service.

The statute states that: "Such notice shall be effective upon mailing by registered mail or upon personal service." Section 24–10–109(3). The majority opinion, in my view, amends a statute which does not require construction and treats first class mail as equivalent to registered or certified mail. *See* § 2–4–401(12), C.R.S. (1980 Repl.Vol. 1B).

In addition, as the supreme court points out in *Woodsmall,* the General Assembly amended the Governmental Immunity Act in 1986 deleting the phrase "substantial compliance" and substituting "[c]ompliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action." *See* Colo.Sess.Laws 1986, ch. 166, § 24–10–109(1) at 877. While strict compliance may not be required as to all aspects of the notice, certainly more than substantial compliance is required. And if, as here, the statute is specific as to the time within which notice must be given and the manner of service, there can really be no real distinction between strict or substantial compliance.

I would reverse and remand for a determination as to whether personal service was perfected in a timely manner. In the event the trial court determines that personal service was not timely perfected, I would order the case dismissed.