Genevieve ARMSTEAD,
Plaintiff–Appellant,

v.

MEMORIAL HOSPITAL and the City
of Colorado Springs, Defendants–
Appellees.

No. 94CA0420.

Colorado Court of Appeals,
Div. III.

Feb. 23, 1995.

Turman & Associates, Robert Lloyd Turman, Colorado Springs, for plaintiff-appellant.

Retherford, Mullen, Johnson & Bruce, Neil C. Bruce, J. Stephen Mullen, Colorado Springs, for defendants-appellees.

Opinion by Judge TAUBMAN.

In this negligence action to recover damages for personal injuries allegedly sustained in a slip and fall accident, plaintiff, Genevieve Armstead, appeals from the summary judgment entered in favor of defendants, Memorial Hospital and the City of Colorado Springs. We affirm.

The complaint alleged that, in December 1991, plaintiff slipped and fell on a patch of ice in the Memorial Hospital parking lot. It further alleged that Memorial Hospital was a public hospital owned and operated by the City of Colorado Springs and that plaintiff had complied with the notice requirements of the Governmental Immunity Act (the Act). According to the complaint, plaintiff had sustained various injuries as a result of defendants' negligent failure to maintain the parking lot free from dangerous icy conditions and to warn of those conditions.

Defendants filed an answer admitting some of plaintiff's allegations but denying negligence and that plaintiff had complied with the notification requirements of the Act. Defendants similarly asserted, as an affirmative defense, plaintiff's failure to comply with the Act's notice provisions. Defendants also filed a motion for summary judgment asserting that jurisdiction was lacking because they had not received proper, timely notice of plaintiff's claim.

In support of their motion, defendants filed affidavits from officials in the City Clerk's and City Attorney's offices declaring that no notice of plaintiff's claim had been received. Defendants also filed an affidavit from the hospital's risk manager stating that he had received no written notice of claim until more than a year after plaintiff's injury.

Plaintiff filed a response to the motion asserting that defendants should be estopped from denying timely notice because their representatives had investigated plaintiff's claim within 60 days after her injury. Attached to the response was a copy of a February 1992 letter from plaintiff's counsel to the hospital's risk manager transmitting plaintiff's record-release authorization and requesting copies of reports, as well as related correspondence.

Ultimately, the trial court granted the motion and entered judgment for defendants. A motion for reconsideration premised on

additional affidavits proved unavailing, and this appeal followed.

## I.

Relying on C.R.C.P. 56, plaintiff contends that judgment for defendants was precluded by the existence of a genuine issue of material fact concerning her compliance with the Act's notice provisions. We disagree.

Contrary to plaintiff's assertion, the issue of compliance with the Act's notice provisions is one of subject matter jurisdiction; therefore, the proper procedure for determining such jurisdictional facts is governed by C.R.C.P. 12(b)(1) and not C.R.C.P. 56. *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo. 1993). Further, in acting as fact finder, the trial court may consider any competent evidence pertaining to the notice issue without applying the requirement of C.R.C.P. 56 that there be no dispute in material facts. *Cline v. Rabson,* 862 P.2d 1035 (Colo.App.1993).

Accordingly, even if the documents submitted by the parties did present a factual issue, the trial court should properly act as fact finder to determine the jurisdictional issue on its merits.

Finally, under C.R.C.P. 12(b)(1), the plaintiff has the burden to prove jurisdiction, and appellate review of a trial court's determination of this threshold factual issue is to be conducted under the highly deferential, clearly erroneous standard. *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra.* Thus, under *Trinity,* even where a trial court has applied summary judgment procedures to determine the notice issue, if a reviewing court is satisfied that all the relevant evidence was before the trial court, it may apply C.R.C.P. 12(b)(1) to the record without the necessity of a remand. *See Capra v. Tucker,* 857 P.2d 1346 (Colo. App.1993).

## II.

Plaintiff also contends that the trial court erred in determining that she had failed to comply with the mandatory notice requirements of the Act. In support of this contention, she argues that only "substantial compliance" with the service of notice provisions is required and that the documents before the court established substantial compliance. In support of the judgment, defendants maintain that strict compliance with the service of notice provisions is necessary and that plaintiff failed to meet that standard. We agree with defendants.

Relying on *Woodsmall v. Regional Transportation District,* 800 P.2d 63 (Colo.1990) and *Blue v. Boss,* 781 P.2d 128 (Colo.App. 1989), plaintiff contends that substantial compliance, rather than strict compliance with the 180–day notice requirement of § 24–10–109(1), C.R.S. (1994 Cum.Supp.) is required. We disagree.

Pursuant to § 24–10–109(1):

Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment ... shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury.... Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

As pertinent here, the notice of claim must be filed with the public entity's governing body or attorney. Section 24–10–109(3), C.R.S. (1988 Repl.Vol. 10A); *Aetna Casualty & Surety Co. v. Denver School District No. 1,* 787 P.2d 206 (Colo.App.1989). Further, § 24–10–109(3) states: "[S]uch notice shall be effective upon mailing by registered mail or upon personal service."

In *Woodsmall,* the supreme court determined that only "substantial compliance" is required with respect to the notice given by claimants pursuant to § 24–10–109(1). Subsequently, however, the supreme court limited its holding in *Woodsmall* to compliance with the contents of the notice, holding that "when a party fails to strictly comply [sic] with the 180–day notice requirement, the party's action must be dismissed." *East Lakewood Sanitation District v. District Court,* 842 P.2d 233, 236 (Colo.1992). There,

the notice to the sanitation district had been sent after the 180–day statutory period had elapsed.

■ Further, in *Woodsmall, supra,* the court held that § 24–10–109(3) does not prohibit service of proper notice by regular mail. However, under the statute, service by registered mail or personal service was "intended as a method of conclusively establishing that the effective date of service, for purposes of the 180–day requirement, is the date of the registered mailing." *Woodsmall v. Regional Transportation District, supra,* at 69.

In *Blue v. Boss, supra,* and two more recent cases, divisions of this court have approved "filing" of notices of claim either by regular mail or in a manner which did not strictly comply with the requirements of § 24–10–109.

Thus, in *Blue v. Boss, supra,* a division of this court rejected the argument that a notice of claim sent by regular mail was statutorily insufficient, because it was undisputed that the notice had been timely mailed and received. More recently, in *Lopez v. Regional Transportation District,* —— P.2d —— (Colo.App. No. 93CA1790, November 17, 1994), another division of this court held that a properly addressed notice of claim sent by regular mail within the 180–day time limit is effective upon mailing, even if it is not received by the public entity's governing body or its counsel until after the 180–days have expired.

In another recent case, *Lafitte v. State Highway Department,* 885 P.2d 338 (Colo. App.1994), a division of this court held that a properly addressed notice of claim mailed within 180 days after plaintiff discovered her injury by certified mail, but with insufficient postage, was timely, where the notice was remailed by certified mail but eventually received by the Attorney General after the 180–day limit.

Here, the trial court determined from affidavits that neither defendant's governing body nor its attorney had received a timely-mailed claim notice in compliance with § 24–10–109.

■ After judgment was entered, plaintiffs' counsel submitted affidavits stating that timely notices of claim had been mailed, and the record reflects that those affidavits were examined by the court. In its ruling, the court concluded that, at most, plaintiff's affidavits established only that notice had been sent by regular mail, rather than by registered mail or personal service as required by § 24–10–109(3). Distinguishing *Blue v. Boss, supra,* the trial court found that here, there was no evidence that the notices of claim sent by regular mail had been received, and therefore, such notices were insufficient to comply with the statute.

We agree with this conclusion. Although *Blue, Lopez,* and *Lafitte* have held filing of notice was proper when timely dispatched by regular mail or by certified mail with inadequate postage, in all three cases it was undisputed that the mailed notices actually were received by the defendants. Here, although service by regular mail was permissible, plaintiffs' affidavits did not conclusively establish either the fact or the effective date of service. *See Woodsmall v. Regional Transportation District, supra.* Under these circumstances, when a party fails to establish that proper notice was provided in compliance with the 180–day notice requirement, the party's action must be dismissed. *See East Lakewood Sanitation District v. District Court, supra.*

■ While this conclusion may seem harsh under the circumstances here, it is consistent with the legislative scheme established by the General Assembly. As the *Blue* court noted, the very reason the General Assembly provided for filing by registered mail or by personal service was to ensure that there is documentation of timely service of a notice of claim. *See Woodsmall v. Regional Transportation District, supra.* Thus, while a plaintiff may file a notice of claim by regular mail, he or she assumes the risk that such notice may not be received at all.

Accordingly, because the court was free to weigh the arguably conflicting evidence, and because competent evidence supports its finding, we cannot conclude that the court erred in determining that a timely notice of claim had not been provided in accordance with § 24–10–109.

### III.

■ Plaintiff next argues, however, that information furnished to the hospital's risk manager within 90 days of her injury was timely and, under *Woodsmall,* constituted substantial compliance with the Act's notice provisions. Specifically, plaintiff relies upon correspondence in early 1992 between the risk manager and plaintiff's counsel reflecting that defendants had paid $3,000 of plaintiff's medical bills resulting from the fall. Again, we perceive no reversible error.

Among other items, the Act requires that the written notice state the nature and extent of the claimant's injury and the amount of monetary damages being requested, to the extent that the claimant is reasonably able to do so. Section 24–10–109(2), C.R.S. (1988 Repl.Vol. 10A); *see Woodsmall v. Regional Transportation District, supra.*

Here, however, examination of the correspondence between plaintiff, her counsel, and defendant's risk manager in early 1992 discloses no statement that plaintiff was claiming any damages for permanent disability, loss of consortium, lost wages, diminished earning capacity, future pain and suffering, mental anguish, emotional distress, or attorney fees.

■ Accordingly, even if we assume the hospital's risk manager was authorized to receive claim notices on defendants' behalf, the record supports the trial court's determination that neither the correspondence with the risk manager nor his actual knowledge of the injury constituted substantial compliance with the notice provisions of the Act. *See Aetna Casualty & Surety Co. v. Denver School District No. 1, supra* (the doctrines of waiver and estoppel cannot be applied to validate a non-complying notice); *Stone Environmental Engineering Services, Inc. v. Colorado Department of Health,* 762 P.2d 737 (Colo.App.1988) (defendant's actual knowledge of the incident giving rise to a claim does not relieve a plaintiff of the duty to provide formal notice).

Under these circumstances, we conclude that competent evidence in the record supports the trial court's determination that plaintiff failed to meet her burden of showing that the trial court had jurisdiction over the subject matter of her claim. Accordingly, the trial court's ruling was not clearly erroneous.

### IV.

■ We also reject plaintiff's contention that the trial court abused its discretion in allowing defendants to file their reply to plaintiff's response more than ten days after the response was filed.

A moving party has ten days "or such greater or lesser time as the court may allow" to file a reply brief with the court. C.R.C.P. 121 § 1–15(1).

Here, in accepting the reply, the trial court stated that it had been filed within a reasonable time and that, in the interest of fundamental fairness, substance would be placed ahead of procedure. In so doing, it acknowledged defendants' assertion that they had not received plaintiff's response brief.

Under these circumstances, we cannot conclude that the trial court abused its discretion. *See In re Marriage of Wright,* 841 P.2d 358 (Colo.App.1992) (party's failure to request extension of time does not preclude court from considering request filed beyond the 15–day deadline); *Koontz v. Rosener,* 787 P.2d 192 (Colo.App.1989) (documents were timely filed since they were filed within the "greater" time allowed by the court).

Based upon our resolution of these issues, we consider it unnecessary to address plaintiff's other arguments. Further, arguments raised for the first time in the reply brief are not properly before us, and we will not address them. *See People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

Judgment affirmed.

HUME and JONES, JJ., concur.