**Travis NYLAND, Plaintiff–Appellee,**

v.

**Vernalee BROCK and Regional Transportation District, Defendants–Appellants.**

**No. 95CA0847.**

Colorado Court of Appeals,
Div. IV.

June 27, 1996.

Rehearing Denied July 25, 1996.

Certiorari Granted May 19, 1997.

Benjamin Silva III & Associates, P.C., Robert K. Reimann, Lakewood, for Plaintiff–Appellee.

Regional Transportation District, Michael A. Martinez, Associate General Counsel, Roger C. Kane, Associate General Counsel, Denver, for Defendants–Appellants.

Opinion by Judge TAUBMAN.

Defendants, Vernalee Brock and the Regional Transportation District (collectively RTD), bring this interlocutory appeal from the trial court's determination that the action brought by plaintiff, Travis Nyland, was not barred on the basis of governmental immunity. We affirm.

The relevant facts are not in dispute. In March 1993, while crossing the intersection on foot, plaintiff was injured when he was struck by an RTD bus driven by Brock. Thereafter, plaintiff initiated this action seeking compensation for the injuries he suffered. RTD moved to dismiss the complaint on the basis that the action was barred by the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol.

10A). The trial court denied RTD's motion, and this appeal followed.

RTD contends that the trial court erred in not dismissing the complaint because plaintiff failed to provide it with sufficient notice of claim under § 24–10–109, C.R.S. (1988 Repl. Vol. 10A). We disagree.

The GIA provides that a public entity and its employees are immune from liability for all claims that lie or could lie in tort except as expressly provided in the GIA. Section 24–10–105, C.R.S. (1988 Repl.Vol. 10A). Under § 24–10–106(1)(a), C.R.S. (1995 Cum.Supp.), immunity is waived in an action seeking compensation for injuries resulting from a public employee's operation, in the course of his employment, of a motor vehicle owned or leased by the public entity.

 The question of whether immunity has been waived under the GIA is an issue of subject matter jurisdiction for the trial court's determination pursuant to C.R.C.P. 12(b)(1) and will not be reversed unless it is clearly erroneous. *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo.1993). Under C.R.C.P. 12(b)(1), the plaintiff has the burden to prove jurisdiction. *Capra v. Tucker*, 857 P.2d 1346 (Colo. App.1993).

 The trial court, as finder of fact under C.R.C.P. 12(b)(1), may receive any competent evidence pertaining to the issue of subject matter jurisdiction. *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra.* If, as here, all relevant evidence has been presented to the trial court, we may decide the issue without remanding for an evidentiary hearing. *Capra v. Tucker, supra.*

Section 24–10–109(1), C.R.S. (1995 Cum. Supp.) requires that a claimant file a notice of claim with the appropriate governmental entity within 180 days after the claimant discovers he or she has been wrongfully injured. *East Lakewood Sanitation District v. District Court*, 842 P.2d 233 (Colo.1992); *Armstead v. Memorial Hospital*, 892 P.2d 450 (Colo.App.1995).

The mandatory notice must include, to the extent the claimant is reasonably able to do so, the information listed in § 24–10–109(2),

C.R.S. (1988 Repl. Vol. 10A). *Woodsmall v. Regional Transportation District*, 800 P.2d 63 (Colo.1990). In addition, as pertinent here, § 24–10–109(3), C.R.S. (1988 Repl.Vol. 10A) requires that the notice be filed with the public entity's governing body or its legal counsel.

 Compliance with the 180–day notice requirement in § 24–10–109(1) is a jurisdictional prerequisite to suit. *Armstead v. Memorial Hospital, supra.* However, a claimant need only substantially comply with the statutory requirements as to the contents of the notice given. *East Lakewood Sanitation District v. District Court, supra.*

Here, although plaintiff did not send a letter to RTD's governing body or its legal counsel of his claim within 180 days of the accident, plaintiff's attorney sent five letters to RTD's claims department within that period. These letters, among other things, stated that the attorney was representing plaintiff; gave the address and telephone number for the attorney and plaintiff; set forth the time, place, and manner of the accident; described the nature and scope of plaintiff's injuries; requested payment of plaintiff's medical expenses; sought the income lost by plaintiff; and set forth the type of work he was engaged in, the number of hours per week he had worked, his hourly wage, and when he would be returning to work.

Attached to the second letter sent by plaintiff's attorney was an RTD accident questionnaire and an RTD application for personal injury benefits that plaintiff had completed. In response to this letter, the claims adjuster requested that plaintiff's attorney assist him in the investigation and asked the attorney to "forward your theory of liability for my Risk Manager's review." After receiving this letter, plaintiff's attorney sent three additional letters to the claims adjuster, including one addressed to him as "Liability Claims Adjuster."

 The dispositive issue presented is whether plaintiff complied with the requirement in § 24–10–109(3) that notice be sent to the public entity's governing body or its legal counsel.

Plaintiff first argues that he only needs to achieve substantial compliance with the notice requirement of § 24–10–109(3). We agree.

In *Regional Transportation District v. Lopez,* 916 P.2d 1187 (Colo. 1996), the supreme court stated that compliance with the service of notice provisions in § 24–10–109(3) is not a jurisdictional prerequisite to suit. The court noted that this part of § 24–10–109(3) together with other subsections of § 24–10–109 "merely spell out the details of the required notice." *Regional Transportation District v. Lopez, supra,* 916 P.2d at 1193. The court concluded that the jurisdictional language in § 24–10–109(1) "was meant to apply only to the 180–day notice provision found in subsection (1) rather than to all of the other subsections found in section 24–10–109." *Regional Transportation District v. Lopez, supra,* 916 P.2d at 1194.

Thus, in light of the supreme court's interpretation of § 24–10–109 in *Regional Transportation District v. Lopez, supra,* we conclude that a claimant need only substantially comply with the § 24–10–109(3) requirement that notice be sent to the public entity's governing body or legal counsel. *See Woodsmall v. Regional Transportation District, supra; see also Cassidy v. Reider,* 851 P.2d 286 (Colo.App.1993) (notice that named the wrong governmental entity but was delivered to the right address and a copy of which was received by the proper entity's attorney substantially complied with the statutory notice requirements).

To the extent that *Bauman v. Colorado Department of Health,* 857 P.2d 499 (Colo. App.1993) and *Aetna Casualty & Surety Co. v. Denver School District No. 1,* 787 P.2d 206 (Colo.App.1989) are inconsistent with this conclusion, we decline to follow them.

■ Plaintiff contends that he substantially complied with this requirement based upon the letters he sent to RTD's claims adjuster. Under the particular circumstances presented here, we agree.

■ If the purpose of a notice statute is met, the claimant has substantially complied with its requirements. *See Powers v. City of Boulder,* 54 Colo. 558, 131 P. 395 (1913)

(notice of claim against city substantially complied with statute when served on mayor, rather than city clerk, and complaint alleged mayor had notice of accident and plaintiff's injuries). In *Woodsmall v. Regional Transportation District, supra,* 800 P.2d at 68–69, the court stated:

> The notice requirements of section 24–10–109 are designed to permit a public entity to conduct a prompt investigation of the claim and thereby remedy a dangerous condition, to make adequate fiscal arrangements to meet any potential liability, and to prepare a defense to the claim....
>
> ....
>
> These interests ... are not the only public interests implicated by the notice requirements. We believe that permitting injured claimants to seek redress for injuries caused by a public entity also serves a public interest....
>
> In determining whether a claimant has substantially complied with the notice requirement, a court may consider whether and to what extent the public entity has been adversely affected in its ability to defend against the claim by reason of any omission or error in the notice.

Here, the record reveals no inability on the part of RTD to investigate and defend the action brought by plaintiff. In fact, as the trial court found, the record establishes that RTD actively investigated plaintiff's claims. Not only did the claims adjuster seek the help of plaintiff's attorney in its investigation, he requested that the attorney complete RTD accident report forms and provide the legal theory upon which he relied to RTD's risk manager.

Based on the scope of the investigation conducted by the claims adjuster, we agree with the trial court's conclusion that RTD suffered no prejudice as the result of plaintiff's communications with the claims adjuster instead of with the governing body or its attorney. Further, RTD has not shown that it would have investigated any differently nor made any different fiscal arrangements to meet any potential liability even if plaintiff had given notice to RTD's governing body or

its legal counsel. *See Woodsmall v. Regional Transportation District, supra* (same claims adjuster as here with notice given to RTD and its legal counsel). Moreover, we note that plaintiff did provide notice, albeit approximately nine months after the accident, to both RTD's governing board and its legal counsel.

Under such circumstances, we conclude that plaintiff substantially complied with the notice requirements of § 24–10–109(3) within 180 days of the accident.

Accordingly, the trial court properly determined that it had subject matter jurisdiction over plaintiff's complaint.

The order is affirmed.

DAVIDSON and BRIGGS, JJ., concur