Donna K. CURLIN, Plaintiff–Appellee,

v.

REGIONAL TRANSPORTATION DIS-
TRICT and Robert B. Rafferty,
Defendants–Appellants.

Nos. 98CA0244, 98CA0587.

Colorado Court of Appeals,
Div. IV.

May 27, 1999.

Rehearing Denied July 15, 1999.

Wollins, Hellman & Green, Jonathan J. Hellman, Denver, Colorado, for Plaintiff–Appellee.

Roger C. Kane, Associate General Counsel, Regional Transportation District, Denver, Colorado, for Defendants–Appellants.

Opinion by Judge RULAND.

Pursuant to § 24–10–108, C.R.S.1998, defendants, Regional Transportation District (RTD) and Robert B. Rafferty, appeal from the orders denying their motions to dismiss the complaint of plaintiff, Donna K. Curlin, to recover damages for negligence. We vacate the orders and remand with directions.

In her complaint, plaintiff alleged that she was injured when Rafferty, a bus driver employed by RTD, negligently closed the door of a bus. Plaintiff asserted a general claim for negligence against both RTD and Rafferty, and she also alleged that RTD had negligently failed to train and supervise Rafferty.

RTD moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.1998, and for failure to state a claim upon which relief could be granted. RTD asserted that plaintiff had failed to provide a copy of the notice of claim to either its governing body or attorney within 180 days of the accident as required by § 24–10–109(3), C.R.S.1998. Alternatively, RTD argued that plaintiff's notice of claim was deficient under § 24–10–109(2), C.R.S.1998, because it specified neither the nature and extent of her injuries nor the amount of damages she was seeking. In addition, RTD contended that plaintiff's claim for negligent training and supervision should be dismissed because there was no waiver of immunity under the GIA for such a claim.

In response, plaintiff conceded that her claim for negligent training and supervision should be dismissed. Additionally, plaintiff admitted that she had not sent a notice of claim to either RTD's governing board or attorney within 180 days of the accident. However, relying upon *Nyland v. Brock*, 937 P.2d 806 (Colo.App.1996), she asserted that she had substantially complied with § 24–10–109(3) because she had sent a notice of claim to RTD's risk manager within 180 days of the accident. She also contended that RTD was aware of the accident and the nature and scope of her claim based on various communications she, and others on her behalf, had with RTD.

Upon plaintiff's concession, the court dismissed her claim against RTD for negligent training and supervision. The court, however, denied that part of RTD's motion requesting dismissal for failure to comply with the GIA's notice requirements. The court found that plaintiff had substantially complied with the requirements of §§ 24–10–109(2) & 24–10–109(3).

Rafferty filed a separate motion to dismiss for lack of subject matter jurisdiction which incorporated the arguments raised by RTD. Plaintiff argued that she had substantially complied with the statutory notice requirement. The trial court agreed and denied Rafferty's motion. Rafferty's appeal was consolidated with RTD's for review in this court.

## I.

Both Rafferty and RTD contend that the trial court erred in failing to dismiss plaintiff's complaint based on her failure to comply with the requirements of § 24–10–109(3). We agree.

Section 24–10–109(1), C.R.S.1998, provides that a claimant must file a written notice of the claim within 180 days from the date of discovery of the injury. As pertinent here, the notice of claim "shall be filed with the governing body of the public entity or the attorney representing the public entity." Section 24–10–109(3).

Following the trial court's entry of the orders in this case, the supreme court announced *Brock v. Nyland*, 955 P.2d 1037 (Colo.1998), reversing the decision relied upon by plaintiff. In *Brock*, a plurality of the supreme court held that, under the plain language of § 24–10–109(3), a notice of claim must be given to either the governing body of the public entity or the public entity's attorney.

The court also held that compliance with § 24–10–109(3) was not a jurisdictional prerequisite to suit. However, absent evidence that the public entity had waived or should be estopped from asserting § 24–10–109(3) as a bar, the court held that the failure to comply with § 24–10–109(3) mandated dismissal of the action.

■ Based on *Brock v. Nyland, supra,* we conclude that plaintiff's complaint was subject to dismissal for failure to comply with § 24–10–109(3). *See Swieckowski v. City of Fort Collins,* 934 P.2d 1380 (Colo.1997)(if the facts are undisputed, the issue of governmental immunity under the GIA is one of law and the appellate court is not bound by the trial court's determination).

Plaintiff argues, however, that the decision in *Brock v. Nyland, supra,* should not be applied retroactively because it announced a new rule of law. We disagree.

■ As a general rule, statutes operate prospectively, while judicial decisions are applied retroactively. *Martin Marietta Corp. v. Lorenz,* 823 P.2d 100 (Colo.1992).

■ In determining whether a decision should be applied retroactively, the courts consider three factors: (1) whether the decision at issue establishes new law; (2) whether retrospective application of the new rule would further or retard its operation; and (3) whether retrospective application of the new rule could produce substantial inequitable results. *See People in Interest of C.A.K.,* 652 P.2d 603 (Colo.1982).

■ Thus, the threshold question is whether the judicial decision establishes a new rule of law. *See Marinez v. Industrial Commission,* 746 P.2d 552 (Colo.1987). To establish a new rule of law, the decision must either overrule clear past precedent on which the litigants may have relied or it must resolve an issue of first impression not clearly foreshadowed by prior precedent. *Martin Marietta Corp. v. Lorenz, supra.*

■ Here, as noted, the supreme court's decision in *Brock v. Nyland, supra,* 955 P.2d at 1041, merely determined that the plain language of § 24–10–109(3) "specifically and unambiguously requires that 'the notice be filed with the governing body of the public entity or the attorney representing the public entity.' " (emphasis in original)

In addition, the court noted that its decision was consistent with the result reached in two prior decisions by different divisions of this court. *See Bauman v. Colorado Department of Health,* 857 P.2d 499 (Colo.App. 1993), *cert. denied,* 511 U.S. 1004, 114 S.Ct. 1369, 128 L.Ed.2d 46 (1994) (notice that was mailed to the Department of Health rather than the Attorney General did not satisfy § 24–10–109(3)); *Aetna Casualty & Surety Co. v. Denver School District No. 1,* 787 P.2d 206 (Colo.App.1989) (notice given to school district's risk manager did not comply with the requirements of § 24–10–109(3)).

To the extent that plaintiff argues that the underlying decision by a division of this court in *Nyland v. Brock, supra,* constituted prior precedent, that argument was rejected in *Marinez v. Industrial Commission, supra* (reversal of a decision by the court of appeals on certiorari review did not constitute the overruling of prior precedent).

Accordingly, in light of the foregoing, we conclude that *Brock v. Nyland, supra,* did not establish a new rule of law, and thus, we need not address the other two factors that govern retrospective application.

## II.

■ In the alternative, plaintiff argues that this case should be remanded to the trial court with directions to determine whether defendants have waived or should be estopped from asserting § 24–10–109(3) as a bar. Defendants respond that plaintiff should not be afforded that opportunity because those issues were not raised in the trial court. We agree with plaintiff.

■ Plaintiff relied upon this court's decision in *Nyland v. Brock, supra,* in contesting defendants' motions to dismiss. As noted, in reversing that holding, our supreme court stated that a governmental entity may waive or be estopped to assert the bar of § 24–10–109(3). We conclude that plaintiff should be afforded the opportunity to present those issues in the trial court.

The trial court's orders are vacated, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

Judge NEY and Judge ROTHENBERG concur.