**Shanna CASSIDY, Plaintiff–Appellant,**

v.

**Barry J. REIDER and Mountain View Fire Protection District, a quasi-municipal Colorado corporation, Defendants–Appellees.**

**No. 92CA0478.**

Colorado Court of Appeals,
Div. IV.

March 11, 1993.

Fogel, Keating and Wagner, P.C., Charles R. Free, Denver, for plaintiff-appellant.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Sandblom & Schader, Gary P. Sandblom, Boulder, for defendant-appellee Barry J. Reider.

Watson, Nathan & Bremer, P.C., Mark H. Dumm, Heidi J. Hugdahl, Denver, for defendant-appellee Mountain View Fire Protection Dist.

Opinion by Judge JONES.

In this tort action for damages arising from an automobile accident, plaintiff, Shanna Cassidy, appeals the summary judgment entered dismissing her complaint against defendants, Barry J. Reider and Mountain View Fire Protection District. We reverse and remand for further proceedings.

The original complaint alleged that on September 15, 1990, the automobile plaintiff was driving was struck from the rear by a vehicle driven by Reider, a volunteer firefighter. It further alleged that, at the time of the collision, Reider was negligently operating his private vehicle, with authorized lights and siren activated but without proper signal lights, in response to an emergency.call. It also alleged that Reider was driving faster than the posted speed limit, creating a dangerous condition to life and property, and that his conduct was accompanied by a willful, wanton, and reckless disregard of plaintiff's rights and feelings.

The original complaint also alleged that, at the time of the accident, Reider was an agent and authorized volunteer of the Niwot Volunteer Fire Department and was acting within the course and scope of his duties. Accordingly, plaintiff alleged that the Niwot Volunteer Fire Department was liable for his actions under the doctrines of negligent supervision and *respondeat superior*.

Six days later, plaintiff amended her complaint to substitute defendant, Mountain View Fire Protection District (Mountain View), for the Niwot Volunteer Fire Department. The amended complaint alleged that Mountain View was a special district operating as the Longmont Fire Protection District, a quasi-municipal corporation, which provided fire protection, ambulance, and emergency medical rescue services to the public.

Mountain View filed a motion to dismiss the amended complaint on the grounds that no written notice of claim was given to Mountain View's governing body or its attorney within 180 days as required by § 24-10-109(3), C.R.S. (1988 Repl.Vol. 10A). It further asserted that the written notice delivered to the fire chief of the Niwot Volunteer Fire Department at Mountain View's correct address did not comply with the requirements of § 24-10-109(3).

Attached to the motion was a copy of the written notice naming the Niwot Volunteer Fire Department, delivered to the Niwot fire chief on March 12, 1991, and an affidavit from Mountain View's president stating that Niwot's fire chief was not an agent for receiving written notices on behalf of Mountain View. The affidavit further stated that Mountain View did not receive written notice of plaintiff's claim within 180 days of the accident.

Reider filed an answer to the amended complaint in which he admitted that, at the time of the collision, he was responding with lights and sirens to an emergency call while in the course and scope of his duties as a volunteer fireman for Mountain View. The complaint's other allegations were denied. Among other defenses, Reider asserted that plaintiff's claims were barred by the Colorado Governmental Immunity Act.

Reider also filed a motion to dismiss the complaint on the basis that plaintiff had failed to comply with the mandatory notice provisions of § 24-10-109(3) and § 24-10-118(1)(a), C.R.S. (1988 Repl.Vol. 10A). The motion incorporated by reference the affidavit and exhibits attached to Mountain View's motion to dismiss.

Plaintiff filed a response to defendants' motions to dismiss, with attached affidavits and exhibits, asserting that the notice delivered on March 12, 1991, did, in fact, substantially comply with the provisions of § 24-10-109. In support of this assertion, plaintiff argued that the original notice was hand-delivered to the official address

of Mountain View's governing body on March 12, 1991, and that a copy of the notice was received by the attorney for Mountain View on March 13, 1991.

Defendants filed a reply, asserting that the notice was deficient because *plaintiff herself* did not notify Mountain View within 180 days of the accident. They further argued that, "even if notice did reach the District's attorney, by a fortuitous circumstance within 180 days," the notice was defective on its face because it incorrectly named the Niwot Volunteer Fire Department as the relevant entity.

Because the parties relied on affidavits and exhibits outside the pleadings, the trial court treated the motions as summary judgment motions pursuant to C.R.C.P. 12(c). The court determined that "notice naming Mountain View" had not been delivered to Mountain View's attorney or to its governing body as required by § 24–10–109. Accordingly, the court concluded that plaintiff's suit was barred by lack of compliance with the notice requirements of § 24–10–109, and summary judgment was granted in favor of defendants. Plaintiff's motion for reconsideration was denied.

■ Plaintiff contends that the trial court erred in concluding that she did not substantially comply with the notice provisions of § 24–10–109. In support of this contention, she argues that the notice was timely delivered to the correct address of Mountain View's governing board, that a copy of the notice was received by its attorney within the 180–day period, and that the terms of the notice substantially complied with the requirements of § 24–10–109(2), C.R.S. (1988 Repl.Vol. 10A). We agree.

Section 24–10–109(1), C.R.S. (1988 Repl. Vol. 10A) requires, as a jurisdictional prerequisite, that any person claiming to have suffered an injury by a public employee or public entity must file a written notice within 180 days after the discovery of the injury. Further, § 24–10–109(2) provides that the notice shall contain the name and address of the claimant; a concise statement of the date, time, place, and circumstances of the act, omission, or event complained of; a concise statement of the na-

ture and extent of the injury; and a statement of the amount of monetary damages being requested. Finally, § 24–10–109(3) provides that the notice must be filed with the public entity's governing body *or its attorney.* See Aetna Casualty & Surety Co. v. Denver School District No. 1, 787 P.2d 206 (Colo.App.1989).

■ For the requirements of § 24–10–109 to be satisfied, there must be "substantial" compliance with its provisions, that is, a degree of compliance "considerably more than minimal, but less than absolute." *Woodsmall v. Regional Transportation District,* 800 P.2d 63, 68 (Colo.1990). The *Woodsmall* court further held that substantial compliance requires the claimant to file timely written notice and to make a good faith effort to include within the notice, to the extent the claimant is reasonably able to do so, each item of information listed in § 24–10–109(2).

Here, it was undisputed that plaintiff delivered her "public entity notification" to Mountain View's office in Longmont on March 12, 1991, and that Mountain View's attorney received a faxed copy of the notice on March 13, 1991. The notification correctly named the public employee involved in the collision and described the nature, time, and location of the accident. It included the claimant's name and address and that of her attorney. Finally, it described the nature and extent of her injuries and medical costs to date. In sum, all of the information required by § 24–10–109(2) was included.

■ In support of the judgment, however, defendants contend that plaintiff's timely notice to Mountain View's office, with a copy to its attorney within the 180–day period, was fatally defective simply because it named the wrong entity as addressee. They further argue that the undisputed fact that they had prior actual knowledge of the accident in which plaintiff was injured was of no relevance in determining substantial compliance. We disagree.

As noted above, an exact statement of the public entity's official name is not

among the required contents of the notice pursuant to § 24–10–109(2). Further, "in determining whether a claimant has substantially complied with the notice requirement, a court may consider whether and to what extent the public entity has been adversely affected in its ability to defend against the claim by reason of any omission or error in the notice." *Woodsmall v. Regional Transportation District, supra,* at 69. Here, no inability to defend the claim appears in the record.

Under these circumstances, we conclude that the record establishes substantial compliance with the statutory notice requirement and that, therefore, the trial court erred in dismissing plaintiff's complaint.

The summary judgment dismissing plaintiff's complaint is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

PLANK and MARQUEZ, JJ., concur.