**Charles SMITH and Lenna Smith, Plaintiffs–Appellees,**

v.

**William G. WINTER, M.D.; Rick Pfeiffer, M.D.; Kirk Kinsfater, M.D.; Andrew Brown, M.D.; William Montgomery, M.D.; and Robert Roland, M.D., Defendants–Appellants.**

No. 95CA1315.

Colorado Court of Appeals, Div. III.

Feb. 6, 1997.

David W. Doyle, Wheat Ridge, for Plaintiffs–Appellees.

Douglas E. Best, P.C., Douglas E. Best, Denver, for Defendants–Appellants.

Opinion by Judge ROTHENBERG.

In this medical malpractice action, defendants, William G. Winter, M.D., Rick Pfeiffer, M.D., Kirk Kinsfater, M.D., Andrew Brown, M.D., William Montgomery, M.D., and Robert Roland M.D., appeal the denial of their motion to dismiss the complaint filed by plaintiffs, Charles and Lenna Smith, based on the failure to provide timely notice of their claim under the Colorado Governmental Immunities Act (GIA). We affirm the order as to Charles Smith (Smith), reverse as to Lenna Smith, and remand for further proceedings.

Defendants are orthopedic surgeons or orthopedic residents. At all pertinent times, they were public employees for purposes of the GIA.

Smith injured his foot in November 1991. He was treated at University Hospital which is a public hospital. Later, he began to experience external rotation in his left lower leg, causing his foot to point to the side in a "duck footed" position.

In January 1992, Smith underwent surgery to correct the problem after which he experienced external rotation in his left ankle. Defendant Winter told him the ankle rotation was a postoperative condition that would improve with time and Smith relied on this diagnosis for several months.

In June 1992, Smith consulted another physician for treatment of an infection in his leg. That physician told him the ankle rotation was not temporary and further surgery would be needed to straighten the leg. Smith then obtained his medical records, learned that the plate and screws placed inside his leg were loose, and contacted an attorney.

On November 11, 1992, Smith filed his own notice of claim pursuant to the GIA and later filed this action. Lenna Smith sued in the same complaint requesting damages for loss

of consortium, but she did not file a notice of claim.

The trial court denied defendants' motion to dismiss, finding that the Smiths did not discover their injury until June 1992 and, therefore, that notice was timely.

## I.

■ Initially, we address defendants' contention that Lenna Smith's claim should have been dismissed because she failed to file her own notice of claim pursuant to the GIA. We agree.

■ In Colorado, a claim for loss of consortium constitutes an injury under the GIA, and gives rise to a separate and individual right of recovery on behalf of the spouse claiming loss of consortium. *Lee v. Colorado Department of Health,* 718 P.2d 221 (Colo. 1986). We therefore hold that a spouse may *not* maintain a claim for loss of consortium unless the spouse submits his or her own written notice of claim in accordance with the GIA. *See Lee v. Colorado Department of Health, supra.*

■ In so holding, we recognize that a loss of consortium claim does not necessarily arise at the same time as the underlying claim. Therefore, in appropriate cases, the trial court should make a factual determination when such a claim arose in order to decide if notice of the loss of consortium claim was timely.

Here, however, it is undisputed that Lenna Smith failed to file a notice at any time as required by the GIA. Accordingly, her claim is barred and should have been dismissed.

## II.

■ Defendants next contend the trial court abused its discretion in determining that the date of discovery of the facts giving rise to Smith's claim was June 1992. We disagree.

The relevant GIA notice provision stated that:

Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment shall file a written notice as provided in this section within one hundred and eighty days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

Section 24–10–109(1), C.R.S. (1988 Repl.Vol. 10A); *see also Regional Transportation District v. Lopez,* 916 P.2d 1187 (Colo.1996).

■ The GIA notice period is triggered when claimants discover or should have discovered they have been wrongfully injured. *Trinity Broadcasting of Denver, Inc. v. Westminster,* 848 P.2d 916 (Colo.1993).

■ Further, in medical malpractice claims, patients who rely on their physicians' diagnosis of permanent injury should not be barred from suit because their trust in the physicians prevented earlier discovery of the injury. Nor should patients be compelled to file suit before they are aware of the physician's wrongful conduct. *See Mastro v. Brodie,* 682 P.2d 1162 (Colo.1984).

■ When defendants move to dismiss a complaint based on failure to comply with the GIA notice statute, the trial court acts as fact finder. Our review of such findings is limited to determining whether such findings are clearly erroneous. *Trinity Broadcasting of Denver, Inc. v. Westminster, supra;* see C.R.C.P. 12(b)(1).

After a hearing, the trial court found that: (1) following Smith's foot surgery, Winter told him walking would cause his foot to "work to the center to avoid the duck feet problem"; (2) Smith was assured the condition would be corrected once he started walking on the leg; (3) Smith believed what Winter had described to him and trusted the advice; and (4) the Smiths did not discover the injury until June 1992 when Smith sought treatment from another physician and was told he needed further surgery.

These findings are supported by the record and are not clearly erroneous. Thus,

they may not be disturbed on appeal. *See Trinity Broadcasting of Denver, Inc. v. Westminster, supra; Mastro v. Brodie, supra.*

### III.

We also reject defendants' contention that the trial court erroneously applied the doctrine of equitable estoppel.

The trial court did not base its decision on equitable estoppel. It simply construed § 24–10–109(1) based on *Trinity Broadcasting of Denver, Inc. v. Westminster, supra,* and properly applied the discovery rule to the facts.

The order is affirmed as to the claims of plaintiff Charles Smith, reversed as to the claim of plaintiff Lenna Smith, and the cause is remanded for further proceedings consistent with this opinion.

JONES and BRIGGS, JJ., concur.