Rosemary C. MARTINEZ, Plaintiff–Appellee,

v.

WELD COUNTY SCHOOL DISTRICT RE–1, Defendant–Appellant.

No. 01CA0699.

Colorado Court of Appeals, Div. A.

April 25, 2002.

Certiorari Denied Jan. 13, 2003.

Jennifer L. Donaldson, Denver, Colorado; Law Office of Patricia M. Jarzobski, Patricia M. Jarzobski, Denver, Colorado, for Plaintiff–Appellee.

Senter Goldfarb & Rice, L.L.C., Thomas S. Rice, Eric M. Ziporin, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Weld County School District RE–1 (School District), appeals the trial court's order denying its motion to dismiss, on sovereign immunity grounds, the claims brought against it by plaintiff, Rosemary C. Martinez. We affirm.

On the evening of December 10, 1998, Martinez attended a winter program at a high school operated by the School District. Martinez was injured when she slipped and fell on ice on a sidewalk near an entrance to the high school.

Martinez sued the School District, alleging that a dangerous condition existed that was caused by the School District's negligent failure to remove or mitigate an accumulation of snow and ice on the sidewalk where she fell.

The School District moved to dismiss Martinez's claim for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2001. The School District argued that Martinez could not establish a waiver of immunity under § 24–10–106(1)(d)(III), C.R.S. 2001, with respect to any accumulation of snow and ice on the sidewalk.

Following an evidentiary hearing, the trial court found that the accumulated ice constituted a dangerous condition because it had blocked a majority of the sidewalk and that there was a public function at the school on the night that Martinez fell. The court also found that the School District had knowledge and notice of the dangerous condition and that the ice physically interfered with public access on the dimly lit walk leading to the school. In addressing whether the School District had failed to use existing means available for removal or mitigation, the court found that the School District's failure to set out available caution signs was sufficient to establish a failure to mitigate. Accordingly, the court denied the School District's motion to dismiss. This appeal followed.

## I. Applicable Standards

■ Except in certain limited circumstances, the GIA provides that a governmental entity is immune from liability for all actions which lie in tort or could lie in tort. *See* §§ 24–10–105, 24–10–106, 24–10–108, C.R.S.2001; *City of Lakewood v. Brace,* 919 P.2d 231 (Colo.1996); *Bresciani v. Haragan,* 968 P.2d 153 (Colo.App.1998). Because governmental immunity is in derogation of Colorado's common law, the GIA's immunity provisions are strictly construed, and the GIA's waiver provisions are construed deferentially in favor of victims injured by the alleged negligence of governmental agents. *Walton v. State,* 968 P.2d 636, 643 (Colo.1998).

■ As pertinent here, § 24–10–106(1)(d)(III), waives a public entity's immunity for injuries resulting from:

A dangerous condition caused by an accumulation of snow and ice which physically interferes with public access on walks leading to a public building open for public business when a public entity fails to use existing means available to it for removal or mitigation of such accumulation and when the public entity had actual notice of such condition and a reasonable time to act.

A motion to dismiss under the GIA involves the trial court's subject matter jurisdiction to hear the action and is properly resolved pursuant to C.R.C.P. 12(b)(1). *Swieckowski v. City of Fort Collins,* 934 P.2d 1380 (Colo. 1997). The burden of proving subject matter jurisdiction under the GIA is on the plaintiff. *Capra v. Tucker,* 857 P.2d 1346 (Colo.App. 1993).

■ A trial court may hold an evidentiary hearing to resolve any factual dispute concerning its jurisdiction under the GIA. *See Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995). The trial court's resolution of these factual disputes is reviewed for clear error. *See Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993).

## II. Dangerous Condition

■ The School District contends that the trial court erred in finding that the ice upon which Martinez fell constituted a dangerous condition as defined by § 24–10–103(1), C.R.S.2001. Specifically, the School District contends that a dangerous condition did not exist because (1) it followed the snow removal policies it had in effect; (2) any dangerous condition resulted from the school's design and therefore fit within a statutory exception; and (3) any dangerous condition was attributable to the "mere existence" of ice on the sidewalk, another statutory exception. We conclude that, for the purpose of the School District's C.R.C.P. 12(b)(1) motion, Martinez adequately established the existence of a dangerous condition.

■ To establish that a dangerous condition exists under § 24–10–103(1), an injured party must show that the injury occurred as a result of the (1) physical condition of a public facility or the use thereof, (2) which constituted an unreasonable risk to the health or safety of the public, (3) which was known to exist or should have been known to exist in the exercise of reasonable care, and (4) which was proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility. *See Walton v. State, supra; Smith v. Town of Snowmass Village,* 919 P.2d 868 (Colo. App.1996).

### A.

■ Initially, we reject the School District's contention that merely because it had followed its own policies and procedures regarding snow removal, the ice could not have constituted a dangerous condition.

As the trial court found, the accumulated ice was hazardous because it covered a majority of the sidewalk, and it was present on the night of the winter program. Consequently, a person who attended the program was required to traverse the ice in a dimly lit area to get into the school. The trial court also noted that it was unclear whether the School District had applied ice melt in sufficient quantity and frequency. However, the court found that "[b]ecause of the continued drainage and the continued freezing, application of the ice melt did not and would not eliminate the problem."

Thus, the School District's adherence to its snow removal policies and procedures does not prevent a finding that the dangerous condition was proximately caused by its failure to maintain the sidewalk.

Therefore, even though the School District had followed its reasonable procedures, the court did not err in denying the School District's motion to dismiss. *See Springer v. City & County of Denver,* 13 P.3d 794, 801 (Colo.2000)(court noted that under § 24–10–106(1), "a public entity lacks immunity, not because it necessarily causes a dangerous condition, but because it is in a position to discover and correct the condition").

### B.

■ We also reject the School District's contention that the trial court essentially found that the presence of ice was caused by the design of the facility.

The School District points out that a dangerous condition, as defined in § 24–10–103(1), may not be caused solely by the inadequate design of a facility. However, in its ruling, the trial court noted that the location of Martinez's fall "was known as a problem area because of the design, [and] the build-up of ice was a chronic and continuing problem." Thus, the trial court did not find that the dangerous condition was caused solely by the design of the facility.

### C.

We reject the School District's related contention that the trial court should have dismissed the action because the mere existence of snow and ice does not constitute a dangerous condition. As noted above, the trial court ruled that a dangerous condition was present based on several factors in addition to the existence of the ice.

### D.

■ We also reject the School District's contention that the trial court's bases for determining that a dangerous condition existed were unrelated to the statutory definition of dangerous condition.

In concluding that a dangerous condition existed, the trial court found that the ice blocked the majority of the sidewalk and that there was a function that night to which the public was invited. The occurrence of a public function on the night of Martinez's fall was relevant to whether there was an unreasonable risk to the health or safety of the public. On the one hand, if no public function had been scheduled for that evening, the School District arguably would not have borne the same degree of responsibility to maintain the sidewalk free of ice accumulation or to mitigate the effect of such ice. On the other hand, when the School District scheduled the public function, its duty to exercise reasonable care necessarily required that it take into account that attendees of the public function would have to walk along the sidewalk covered with ice.

We also disagree with the School District's contention that, even assuming it was aware of the ice on the sidewalk that evening, such condition was not "proximately caused by the negligent act or omission of the public entity in ... maintaining such facility" as required by § 24–10–103(1). Here, Martinez presented sufficient evidence to establish the existence of a dangerous condition as described above. Whether that condition was proximately caused by a negligent act of the School District will be determined on remand.

Accordingly, we conclude that the trial court properly determined that Martinez established the existence of a dangerous condition.

## III. Removal or Mitigation of Ice

The School District next contends that the trial court erred in concluding that by not using caution signs, it did not use existing means available to it to remove or mitigate the danger caused by the ice. We disagree.

Here, the trial court relied on *Mason v. Adams*, 961 P.2d 540 (Colo.App.1997), in reaching that conclusion. In *Mason*, a division of this court analyzed whether a public entity's immunity was waived under § 24–10–106(1)(d)(I), C.R.S.2001, for a dangerous accumulation of sand or gravel on a public highway when the public entity had actual notice and a reasonable time within which to act. The division determined that although the public entity's failure to post warning signs alone could not establish a dangerous condition, that failure was relevant to whether the entity had used existing means available to it to mitigate the danger and also relevant in apportioning fault between the parties.

We agree with the analysis in *Mason*. Although *Mason* concerned § 24–10–106(1)(d)(I), the relevant language in that section is almost identical to the language at issue here in § 24–10–106(1)(d)(III). Accordingly, we conclude that the reasoning in *Mason* is equally applicable to this action. Likewise, we decline the School District's suggestion that we conclude *Mason* was wrongly decided.

Therefore, contrary to the School District's contention, we conclude that evidence concerning the use of warning signs is relevant to whether the School District used existing means available to it to remove or mitigate the danger posed by the accumulation of ice, and the trial court did not err in determining that the signs could have been used to mitigate the danger created by the ice.

## IV. Actual Notice

The School District also contends that the trial court erred in finding that it had actual notice of the dangerous condition caused by the ice. We are not persuaded.

The term "actual notice" is not defined in the GIA. However, a division of this court has defined "actual notice" under the GIA as "such notice as is positively proved to have been given to a party directly and personally, or such as the party is presumed to have received personally because the evidence within the party's knowledge was sufficient to put the party upon inquiry." *Seder v. City of Fort Collins*, 987 P.2d 904, 908 (Colo.App. 1999) (quoting *Powder Mountain Painting v. Peregrine Joint Venture*, 899 P.2d 279, 281 (Colo.App.1994)); *see also Luenberger v. City of Golden*, 990 P.2d 1145 (Colo.App.1999) (mere fact that city had not received prior notice of the precise harm that occurred does not compel the conclusion that it did not have either constructive or actual knowledge of the alleged dangerous condition); *Mason v. Adams, supra* (if the dangerous condition was a foreseeable consequence of the public

entity's action, the public entity could be found negligent, and its negligence would still be a proximate cause of the dangerous condition).

Here, the trial court found that the particular place where Martinez fell was known to be a problem area and that the build-up of ice there was a chronic and continuing problem. The court also determined that the School District had notice and knowledge of the condition, and even if the School District did not have knowledge of the accumulation of ice the day that Martinez fell, it knew from prior experience that ice would accumulate at that location and would cause that condition.

Therefore, given the trial court's findings, which are supported by the record, we conclude that it did not err in determining that Martinez had established that the School District had actual notice of the dangerous condition.

The order is affirmed.

Justice KIRSHBAUM* and Judge STERNBERG* concur.